IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:26-cr-125-RDA |
| JAMON KANEE MURPHY,<br>    a/k/a "Monjo,"<br>    a/k/a "Mondow," | |
| TAVARES DELANO WITHERSPOON, JR., | |
| and | |
| ██████████<br><br>██████████ | |
| *Defendants.* | |

## MOTION TO CERTIFY CASE AS "COMPLEX" UNDER THE SPEEDY TRIAL ACT

The United States respectfully requests the Court certify this case as "complex" under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii). Under the Speedy Trial Act, the trial of a defendant charged in an indictment "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

Nonetheless, courts may schedule trial beyond the 70-day time limitation of the Speedy Trial Act where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether

1

the ends of justice are so served, courts consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). Under this standard, this case is sufficiently complex as to render a trial date outside the normal Speedy Trial limits appropriate.

The Indictment in this case charges all defendants with robbery and homicide charges related to an incident from June 2024. As such, several factors contribute to making this case "complex" for speedy trial purposes. The heart of the case, multiple shootings and deaths related to the robbery, present legal issues more complex than the average case. Discovery is somewhat voluminous, involving hours of recorded/CCTV footage, evidence from multiple crime scenes involved, forensic evidence, and potential witness testimony from numerous witnesses. While a majority of this discovery is ready for production/review, the United States is still processing the last remaining portions of discovery for defense counsel.

Finally, while law enforcement is actively searching for the final defendant, the final defendant has yet to be arrested. The United States does not anticipate this process to take multiple weeks; however, counsel for the last defendant will necessarily be somewhat behind schedule once the defendant is arrested and counsel makes an appearance in the case. A "complex" finding would allow the Court to schedule the trial at such a time that counsel for the final defendant should be able to join the case in a way that would not require a continuance of any scheduled trial date. *See* 18 U.S.C. § 3161(h)(6) (allowing for a reasonable delay when defendant are joined for trial with a codefendant for whom the time for trial has not yet run).

2

In light of the above, the United States respectfully requests that the Court certify the case as "complex," and further find that the ends of justice served by scheduling a trial date beyond the 70-day deadline of the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial.   A proposed Order is attached to this Motion.

Respectfully submitted,

Todd W. Blanche
Acting Attorney General

Theophani K. Stamos
First Assistant United States Attorney

Date:   July 28, 2026            By:   _____/s/_____

Christopher M. Carter
Edgardo J. Rodriguez
Assistant United States Attorneys
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3947
Fax: (703) 299-3980
Christopher.carter2@usdoj.gov

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 28, 2026, I caused the foregoing to be filed electronically using the CM/ECF system, which will automatically send a notification of such filing to all counsel of record.

_____/s/_____

Christopher M. Carter
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:26-cr-125-RDA |
| JAMON KANEE MURPHY,<br>    a/k/a "Monjo,"<br>    a/k/a "Mondow," | |
| TAVARES DELANO WITHERSPOON, JR., | |
| and | |
| ███████████ | |
| *Defendants.* | |

### [PROPOSED] ORDER

Upon Motion of the United States to certify this case as "complex" pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and for the reasons set forth in the Motion and for good cause shown, the Court finds pursuant to 18 U.S.C. § 3161(h)(7) that the case is complex and that the ends of justice served in scheduling a trial beyond the 70-day deadline established by the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, it is hereby

*(Continued on next page.)*

2

ORDERED that this case be designated as complex and that the ends of justice are best served by scheduling a trial beyond the 70-day deadline established by the Speedy Trial Act.

Alexandria, Virginia

_____
Date

3